UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN REYNARD SMITH,

    Plaintiff,

v.

BLOOMBERG CORPORATE,

    Defendant.

Case No. 17-cv-05596-PJH

**ORDER OF DISMISSAL**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

In his original complaint, plaintiff stated that his money was lost or stolen through stocks and investments with Google and Bloomberg. For relief he sought identification numbers and investment account numbers for Google and Bloomberg. The complaint was dismissed with leave to amend to provide more information because his claims were not clear. Plaintiff was informed that to the extent he sought his account numbers he should contact the individual company. He was also informed that he brought this action under 42 U.S.C. § 1983, yet had failed to identify a federal right or any action by a state actor. He was instructed to identify a different federal law or statute if he did not intend to proceed pursuant to § 1983.

In his amended complaint plaintiff states that he was an associate at Bloomberg Corporate and is entitled to his benefits as an associate. He states that he has not

2

received any monthly earnings or royalties from his stocks and bonds. For relief he again seeks information regarding his accounts and employee benefits. Plaintiff has failed to cure the deficiencies identified in the prior court order. He has failed to state a claim pursuant to § 1983 and has not identified any other cause of action. Moreover, plaintiff has not even attempted to provide more information as instructed by the court and it is not clear the relief he seeks. It appears that plaintiff needs to contact his former employer to obtain information. This action is dismissed. Because allowing further amendment would be futile, this case is dismissed with prejudice.

**CONCLUSION**

1. This action is **DISMISSED** with prejudice for failure to state a claim.

2. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: November 27, 2017

PHYLLIS J. HAMILTON
United States District Judge